UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COLEMAN, | Civil Action No. 15-7314 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| CITY OF LONG BRANCH, et al., | |
| Defendants. | |

1.  Plaintiff, currently confined at Monmouth County Correctional Facility, is proceeding *pro se* with a prisoner civil rights Complaint filed pursuant to 42 U.S.C. § 1983 and state law. (ECF No. 1). The Court previously granted Plaintiff's *in forma pauperis* application. (ECF No. 2.)

2.  Federal law requires this Court to screen the Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

3.  In his Complaint, Plaintiff asserts that on August 14, 2014, he was a passenger in an automobile and had arrived at the Ocean Court Motel in Long Branch, New Jersey. (ECF No. 1, Compl. at ¶¶ 19-22.) As Plaintiff and the driver exited the vehicle, Defendant Officer Robert Bataille pulled into the parking lot and activated the lights on his patrol car. (*Id.* at ¶ 23.) Officer Bataille then allegedly "upholstered [sic] his firearm and pointed it directly at defendant [sic] telling him not to move." (*Id.* at ¶ 24.) Fearing for his life, Plaintiff panicked and began to run. (*Id.*) He alleges that after running for about a block, he "was suddenly hit by a Long

Branch Police car driven by Patrick D. Joyce." (*Id.*) Plaintiff was allegedly thrown 25 feet and knocked unconscious. (*Id.*) After regaining consciousness, Plaintiff alleges that he was "viciously attacked" by Defendant Officers Joyce, Vecchino, and Bataille. (*Id.* at ¶¶ 25-26.) Officer Rodriguez and four John Doe Defendant Officers were also on the scene and proceeded to verbally abuse Plaintiff, as they rolled him on his back and handcuffed him. (*Id.* at ¶ 27.) Plaintiff alleges that he asked for medical assistance, but that Officer Defendants failed to provide him with medical care or take him to the hospital. (*Id.* at ¶¶ 27, 29.)

4.  The following day, on August 15, 2014, Plaintiff alleges that Detectives Garrett, Grippaldi, Zotti, Brown, and House "illegally entered Plaintiff's motel room and seized numerous items." (*Id.* at ¶ 28.)

5.  Plaintiff further alleges that the City of Long Branch "permitted and tolerated a pattern and practice of unreasonable use of force by police officers of Long Branch." (*Id.* at ¶ 34.) Plaintiff contends that the City of Long Branch "has maintained a system of review of police conduct so untimely and cursory to be ineffective and to permit and tolerate the unreasonable and excessive use of force by police officers." (*Id.* at ¶ 35.) Plaintiff contends that as a result, City of Long Branch police officers believe that excessive and unreasonable use of force would not be investigated and they are more likely to use excessive or unreasonable use of force against Plaintiff and others. (*Id.* at ¶ 36.) The Complaint alleges that the Mayor of the City of Long Branch, Adams Schneider, is the chief policy maker for the City of Long Branch, and he is sued in his official and individual capacities. Plaintiff has also sued the Long Branch Police Director, Jason Roebuck, in his official and individual capacities, but the Complaint does not allege that he was a policymaker for the City of Long Branch or otherwise explain his involvement in the alleged violations.

6.      Finally, the Complaint alleges that the City of Long Branch and the Officer Defendants "used [the] criminal process against [P]laintiff in order to intimidate [P]laintiff and dissuade [P]laintiff from asserting [P]laintiff's rights against [D]efendants and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts." (*Id.* at ¶ 82.)

7.      Having screened the Complaint, the Court determines that the Complaint should not be dismissed in its entirety at this time. The Court, however, dismisses with prejudice Plaintiff's section 1983 claims against the City of Long Branch to the extent they are premised on *respondeat superior*. Although local governments are "persons" for purposes of § 1983, a municipality generally cannot be held liable in a § 1983 action for the acts of employees under the principle of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). An exception exists when an official municipal "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," is the cause of the constitutional deprivation. *Monell*, 436 U.S. at 694. "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Here, with respect to his section 1983 claims against the City of Long Branch, Plaintiff appears to allege liability based on policy or custom <u>and</u> *respondeat superior*. (*See* Compl. at Counts XI and XII.) The Court permits the policy/practice claims to proceed at this time but dismisses the 1983 claims against the City of Long Branch to the extent they are based on *respondeat superior*.

8.      The Court also dismisses the official capacity claims against Mayor Schneider and Director Roebuck as duplicative of the claims against the City of Long Branch. "Personalcapacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official-capacity suits, in

contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); *Monell*, 436 U.S. at 690 n. 55; *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"); *Sutton v. City of Philadelphia*, 21 F. Supp.3d 474, 493 (E.D. Pa. 2014) ("A suit against an individual in his or her official capacity 'is not a suit against the official, but rather a suit against the official's office.'" (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) and *Kentucky*, 473 U.S. at 165). Here, Plaintiff has pleaded official policy claims against the City of Long Branch and has named the City of Long Branch as a Defendant. As such, these same claims asserted against Mayor Adams Schneider and Director Roebuck in their official capacity are dismissed as duplicative.

9. The Court also dismisses without prejudice the individual capacity section 1983 claims against Mayor Schneider and Director Roebuck because Plaintiff has failed to allege that these Defendants were personally involved in the alleged constitutional violations. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981)).

10. The Court also dismisses without prejudice the abuse of process and malicious prosecution claims alleged in Count XVIII for failure to plead the element of favorable termination. To prevail in a Section 1983 malicious prosecution action, a plaintiff must show:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Here, the Court need not assess whether Plaintiff's Complaint has adequately pleaded all the elements of malicious prosecution because Plaintiff's Complaint has not pleaded that the criminal action was resolved in his favor. The "favorable termination requirement . . . exists 'to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (alteration in original) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). To avoid such a conflicting outcome, the prior disposition of the criminal case must show "the innocence of the accused." *Id*; *see also Kossler*, 564 F.3d at 188 (no favorable termination where the acquittal on one charge was accompanied by a conviction on a contemporaneous charge in the same proceeding based on the same facts). Plaintiff's section 1983 claim for malicious abuse of process is likewise subject to dismissal without prejudice for failure to plead the element of favorable termination. The elements of a section 1983 claim for malicious abuse of process are drawn from the relevant state's law. As explained by the Third Circuit,

> We have held that "a claim of malicious use of process may state a Section 1983 claim if it includes the elements of that common law tort as it has developed." *McArdle v. Tronetti*, 961 F.2d 1083, 1088 (3d Cir.1992). Accordingly, we are guided by the relevant decisions of the New Jersey state courts, which hold that a plaintiff asserting a malicious use of process claim must show that: (1) a[n] ... action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; ... (4) the action was terminated favorably to the plaintiff; ... [and (5) ] the plaintiff has suffered a

5

>  special grievance caused by the institution of the underlying civil
>  claim.

*Dunne v. Twp. of Springfield*, 500 F. App'x 136, 138 (3d Cir. 2012) (citing *LoBiondo v. Schwartz*, 199 N.J. 62, 970 A.2d 1007, 1022–23 (2009)).  Like his malicious prosecution claim, Plaintiff's claim for malicious abuse of process is dismissed without prejudice at this time because he fails to allege that the criminal action against him terminated in his favor.

   11. The Court also dismisses without prejudice Plaintiff's state law claims for intentional infliction of emotional distress as alleged in Counts IX and X.  A claim of intentional infliction of emotional distress requires a plaintiff to plead intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe.  *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (N.J. 1988).   "The New Jersey Supreme Court has said that 'the emotional distress suffered by the plaintiff must be so severe that no reasonable man could be expected to endure it.'" *Esposito v. Little Egg Harbor Tp.*, CIV.A. 08-3725 FLW, 2012 WL 1495468, at *7 (D.N.J. Apr. 27, 2012) (citing *Buckley*, 111 N.J. at 366 (N.J. 1988).  Here, Plaintiff has not provided any facts suggesting that the alleged use of excessive force by the Officers or any conduct by the City of Long Branch caused him emotional distress that was "so severe that no reasonable man could be expected to endure it."

  **IT IS** therefore on this 30th day of March, 2016,

  **ORDERED** that the section 1983 claims against the City of Long Branch that are premised on *respondeat superior* liability are dismissed WITH PREJUDICE; and it is further

  **ORDERED** that the official capacity section 1983 claims against Mayor Adams Schneider and Director Jason Roebuck are dismissed as duplicative of the claims against the City of Long Branch; and it is further

  **ORDERED** that the individual capacity section 1983 claims against Mayor Adams

6

Schneider and Director Jason Roebuck are dismissed WITHOUT PREJUDICE for failure to allege the requisite personal involvement; and it is further

**ORDERED** that the section 1983 claims for abuse of process and malicious prosecution, and the state law claim for intentional infliction of emotional distress are dismissed WITHOUT PREJUDICE for failure to state a claim; and it is further

**ORDERED** that the remaining claims alleged in the Complaint shall PROCEED at this time; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[1] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.