UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COLEMAN, | : |
| Plaintiff, | : Civ. No. 15-7314 (FLW) (LHG) |
| v. | : |
| CITY OF LONG BRANCH et al., | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

**FREDA L. WOLFSON, U.S.D.J.**

Plaintiff, William Coleman ("Coleman" or "Plaintiff"), is a state prisoner confined at South Woods State Prison, who filed a complaint alleging claims for civil-rights violations, under 42 U.S.C. § 1983, as well as common-law torts. (Compl., ECF No. 1.) This matter is before the Court on its own order for Coleman to show cause why the action should not be dismissed for his failure to prosecute. (ECF Nos. 26 & 27.) As the Court has received no response to this Order, the Complaint is dismissed.

Coleman's Complaint asserted claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, excessive force, failure to intervene, unlawful search, and deliberate indifference to medical needs, as well as various tort claims. (*See* ECF No. 1.) In March 2017, after Coleman had failed to file any opposition by a motion by Defendants to dismiss the action (which actually sought summary judgment), the Court directed Coleman to inform the Court whether he intended to proceed with the action. (ECF No. 16.) Coleman thereafter indicated that he did wish to proceed with the action, and Magistrate Judge Lois H. Goodman directed the parties to report on the status of discovery. (ECF Nos. 17, 18, & 20.) On August 15, 2017, Magistrate Judge Goodman ordered the parties to complete discovery by December 15, 2017, and warned that

"[a]ny failure to comply with the deadlines set forth herein or with the rules of the court may result in the imposition of sanctions, including dismissal of the complaint." (ECF No. 22.)

After discovery had closed, Defendants properly filed a motion for summary judgment in their favor. (ECF No. 24.) Coleman filed no opposition to this motion. The Court granted summary judgment as to all of Coleman's claims except the claim alleging an unlawful search, as the Court noted that a question of fact existed as to whether the defendant police officers may have had proper consent to conduct the search. (ECF No. 26.) Noting, however, that "Coleman never opposed Defendants' motion, was delinquent in participating in discovery, and failed to comply with the Magistrate Judge's order to submit a pretrial memorandum," the Court ordered Coleman to show cause within 30 days why his case should not be dismissed with prejudice for his failure to prosecute under Federal Rule of Civil Procedure 41(b), Local Civil Rule 41.1, and the factors identified in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (1984). (ECF Nos. 26 & 27.) Several months have elapsed since that Order, but Coleman has filed no response.

A court may *sua sponte* dismiss a suit based on the plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and as an exercise of the Court's inherent powers. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). As dismissal on this basis is a drastic sanction, however, the Court, must first assess the factors identified by the Third Circuit in *Poulis*. *Knoll*, 707 F.3d at 409; *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet
>     scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the part or the attorney was willful or in
>     bad faith;

> (5) the effectiveness of other sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (reformatted and emphasis omitted). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Addressing the *Poulis* factors, I find that Coleman must bear personal responsibility for his failure to prosecute, as he is not represented by counsel and has been repeatedly warned over the course of the litigation that he must comply with court orders and with his discovery obligations. (*See* ECF Nos. 16 & 22.) I find that Defendants have suffered prejudice from Coleman's failures, which have resulted in case delays and potentially deprived Defendants of the discovery they need to effectively argue their defenses. Coleman's history of dilatoriness is obvious from the case's docket, from his failures to respond to motions and to the Court's orders.

While there is no apparent evidence demonstrating that his conduct was in bad faith, but Coleman's disregard for the Court's repeated warnings suggests that he has acted willfully. Considering the possibility of alternative sanctions, it is impossible to conceive that other sanctions could be effective. Discovery in this case has ended and dispositive motions have been decided; if Coleman is unable or unwilling to continue in the litigation or respond to court orders, such as the order to submit a pretrial memorandum or the instant order to show cause, holding a trial on his claims, without his participation, would be untenable. Finally, while the Court denied Defendants' motion for summary judgment as to Coleman's unlawful-search claim due to factual questions, this does not establish the merit of that claim, as Coleman would bear the burden of proving these facts at a trial.

Weighing the *Poulis* factors discussed above, I find that they clearly support dismissing Coleman's claims. Coleman voluntarily commenced this case, but has since neglected his duty to prosecute it. Despite receiving repeated opportunities to litigate, Coleman has apparently chosen to abandon his suit.

Therefore, IT IS, on this 9th day of January 2019,

ORDERED that the Clerk shall REOPEN this action for the purposes of considering this issue; and it is further

ORDERED that Plaintiff's Complaint (ECF No. 1.) and all claims therein are DISMISSED WITH PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b); and it is further

ORDERED that the Clerk shall mark this action as CLOSED; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order upon Plaintiffs by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge